# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
CYNTHIA RAINS,                          *       No. 23-1574V
                                        *
              Petitioner,                *
                                        *       Special Master Christian J. Moran
v.                                      *
                                        *       Filed: March 14, 2025
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**ORDER**

Sean Franks Greenwood, The Greenwood Law Firm, Houston, TX, for petitioner;
Ryan Pohlman Miller, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Petitioner, Cynthia Rains, sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34. Ms. Rains, however, has not presented sufficient evidence to be entitled to compensation. Because Ms. Rains has not met her burden of proof, her case is DISMISSED.

### Procedural History

Petitioner alleged that the influenza ("flu") vaccine she received on September 14, 2020, caused her to suffer from Mast Cell Activation Syndrome ("MCAS"). Pet. filed Sept. 13, 2023.

The Secretary filed his Rule 4(c) Report on October 31, 2024, recommending that compensation be denied. The Secretary argued that Ms. Rains was never affirmatively

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

1

diagnosed with MCAS; her MCAS testing was negative; and that most of the discussion in the medical records about her MCAS came from her self-reported history. Resp't's Rep. at 14. Futher, the Secretary argued that Ms. Rains had not offered a reputable scientific or medical theory to establish that the flu vaccine can cause MCAS, or that it did so in this case. Id.

A status conference was held on November 19, 2024. Petitioner's counsel advised that he had consulted with an expert, who declined to provide a report because he disagreed with the diagnosis of MCAS. Petitioner was given time to determine how she wished to proceed. Order, issued Nov. 20, 2024.

On December 6, 2024, petitioner's counsel filed a motion to withdraw as counsel. An order issued on December 17, 2024, directing counsel to file proof that he had served both the December 17 order and the motion to withdraw on Ms. Rains via certified mail with return receipt. Ms. Rains was given until February 7, 2025 to file a response to the motion. The deadline for an expert report remained February 21, 2025.

Counsel filed an affidavit from his chief paralegal on January 2, 2025 with the certified mail and return receipt information for service of the December 6, 2024 motion and the December 17, 2024 order. To date, Ms. Rains has not filed a response to the motion, an expert report, or a motion for an extension of time. Counsel submitted a status report reiterating that he did not find a supportive expert and repeating his request to withdraw. The case is ripe for adjudication.

## Discussion

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa–11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Thus, petitioner is necessarily pursuing a causation-in-fact claim. As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 300aa–13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Petitioner did not submit an expert report by the deadline.

Counsel for Ms. Rains has done what is possible to advance the case, and additional assistance from another experienced attorney is unlikely to change the result. Proceeding pro se is not likely to benefit Ms. Rains and would cause scarce resources to be allocated towards a claim not likely to succeed. Additionally, Ms. Rains did indicate that she intended to continue her case by responding to counsel's motion to withdraw, nor did she submit an expert report by the deadline. When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case. Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

In sum, Ms. Rains has not responded to recent orders, and she has not met her burden of proof. Consequently, Ms. Rains' case is dismissed for failure to present evidence, not as a sanction. See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master